HALLWOOD CASH REGISTER COMPANY *vs.* FRED S. LUFKIN & another.

Suffolk.   January 7, 1901. — May 24, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Sale,* Rescission.

The defendant in Gloucester gave to a salesman of the plaintiff, a corporation having a cash register factory in Ohio, a written order to ship to him one of the plaintiff's No. 14 cash registers as soon as possible, and agreed "on the fulfilment of the above" to pay $130, ten dollars in cash and the remainder in twelve notes for ten dollars each payable in successive months. The title was not to pass until the last payment was made. The plaintiff's Boston agent wrote to the defendant "This register will be shipped you as soon as received from the factory." Six days after this and eight days after the original order, the plaintiff's salesman delivered to the defendant one of the No. 14 cash registers, whereupon the defendant paid $10 in cash and gave twelve notes for $10 each as agreed. Three days later the defendant returned the register with a letter stating that it was not what he had ordered, which was true, and demanding the return of his money and notes, and bought elsewhere a cash register of another make. The plaintiff by letter then acknowledged that the register was sent by a mistake and added "This error we will correct in a few days." Whereupon the defendant refused to receive any register from the plaintiff and demanded the cancellation

of the order and the return of the money and notes. Thereafter the plaintiff tendered to the defendant and the defendant refused to receive a register in all respects in accordance with the -order. The plaintiff retained the money and notes, and sued the defendant in contract, alleging that default had been made on one or more of the notes whereby all of them had become due. At the trial by a judge without a jury, the plaintiff contended that the first delivery was intended by the plaintiff as a loan for temporary use until the register ordered could be made at its factory and shipped. The judge found that, whether the first delivery was intended as a loan or not, the defendant did not so understand it but supposed the register was delivered in performance of the order, and, upon ascertaining that it was not such a machine as he had ordered, was justified in returning it and supplying his need elsewhere, and ruled, that the plaintiff did not have the right to compel the defendant to take and pay for the machine tendered later,·and found for the defendant. *Held,* that this ruling was correct and the finding justified by the facts, and that, even upon the plaintiff's theory, it had no right upon the first delivery, which by its own account was either a mistake or a temporary loan, to receive the money and notes, and ought to have returned them upon request, and, if the defendant was liable at all for his refusal to receive the machine tendered later, his liability would be for a breach of the agreement to purchase, and not upon the notes which were without consideration.

BARKER, J.   The factory and the main office of the plaintiff is in Columbus, Ohio. The defendants' place of business is in Gloucester, Massachusetts. On April 18, 1899, in Gloucester, the defendants gave to the plaintiff's salesman a written order to ship one of its No. 14 cash registers to them at their place of business as soon as possible, by which order they agreed, " on the fulfilment of the above, . . . to pay . . . one hundred and thirty dollars, . . . ten dollars down and ten dollars each month until paid for. . . . Notes for the balance payable monthly." On April 20, the plaintiff, by its New England agent, wrote from Boston to the defendants acknowledging the receipt of the order, and saying " This register will be shipped you as soon as received from the factory." On April 26, the plaintiff's salesman delivered to the defendants at their place of business one of the No. 14 cash registers, whereupon in payment therefor the defendants gave $10 in cash and twelve promissory notes for $10 each.

On April 29, the defendants discovered that the register was not such as their order designated, returned it to the plaintiff's Boston office, with a letter stating that it was not what they ordered and that they therefore returned it and asked for the return of their notes and of the $10 paid in cash. To this letter the plaintiff replied on May 1, from Boston, acknowledging that

the register sent was a mistake, and adding " This error we will correct in a few days." The defendants replied on May 2, stating that they would not accept any register that the plaintiff should send, and asking the plaintiff to cancel the order and return the $10 and the notes. The plaintiff sent no reply to this letter. It did receive and sell the register returned to it on April 29. On May 8, it wrote from Boston to the defendants " We will furnish you the register according to the terms of the contract. . . . Under the circumstances we will not accept any countermand, and shall live up to our contract and insist that you live up to yours." To this letter the defendants made no reply. Before receiving information that the delivery of the first register was a mistake and after discovering that it was not in accordance with their order, they had bought a cash register of another make, which seems to have been one of the circumstances referred to in the plaintiff's letter of May 8. On May 24, the plaintiff tendered to the defendants, and they refused to receive, a register which was in all respects according to the order, the tender being made immediately upon the arrival of the register from Columbus. The plaintiff retained the $10 and the notes and brought this suit on July 26, having written the defendants on June 7 that it should enforce payment of the notes as they should mature. The declaration sets out the order, alleges that the plaintiff has done all that it was bound to do under the order, sets out copies of the notes, alleges that the defendants made them to the plaintiff in accordance with the contract contained in the order, that default has been made in the payment of one or more of them whereby all have become due, and that the defendants owe the plaintiff the amount of all the notes.

The case was tried without a jury. At the trial the plaintiff claimed that the register delivered on April 26 was intended by the plaintiff only as a loan for temporary use, until one could be made at its factory and shipped. The court found as facts that whether the register first delivered was intended by the plaintiff as a loan or not, the defendants did not understand that it was a loan, but on the contrary supposed it was delivered in performance of the order, and that they paid the $10 and gave the notes in suit for that register at the time of its delivery, in

performance of their contract, and that there was no considera-
tion for the notes, apart from the contract, and also that before
receiving notice of the plaintiff's mistake the defendants pur-
chased a register of another make.

The court then ruled that under the facts found the plaintiff
did not have the right to compel the defendants to take and
pay for the machine tendered on May 24, and found for the
defendants.

The only exception is to the ruling that under the facts found
the plaintiff did not have the right to compel the defendants to
take and pay for the register delivered on May 24.

The plaintiff contends that the ruling was wrong because the
case is one in which a vendor having delivered by mistake an
article not in accordance with the order, and that article having
been rejected and returned by the purchaser upon ascertaining
that it did not meet the vendor's contract, the latter could and
did thereafter tender the article ordered within a time under
which such tender could be made rightfully.  In support of this
contention the plaintiff's counsel cites *Borrowman* v. *Free*, 48
L. J. Q. B. (N. S.) 65, *Tetley* v. *Shand*, 20 W. R. 206, and
Benjamin, Sales, (7th Am. ed.) § 697.  But in the present case
neither the order, which begins " Please ship to us," nor the
plaintiff's letter acknowledging the receipt of the order and
saying " This register will be shipped you as soon as received
from the factory " import that the machine was expected to be
built by the plaintiff after the acceptance of the order.  Twenty-
four hours would be enough time for the order to reach the fac-
tory at Columbus, and the interval which elapsed between the
date of the plaintiff's letter of April 20 and the delivery of the
register on April 26 was ample to forward such a machine from
Columbus to Gloucester.

The court therefore well could find that the defendants were
justified in supposing that the register delivered on April 26 was
intended by the plaintiff as its compliance with their order, and
that upon ascertaining that it was not such a machine as they
had ordered they were justified in returning it and in supplying
their need elsewhere.  Thereafter there was no question of sea-
sonableness of delivery.  The ruling was right.

Besides this the ruling was upon a question which did not

arise upon the pleadings as they stood. Under the contract between the parties the plaintiff upon its own theory of the case had no right to the defendants' money or notes upon the delivery of April 26, which upon its own account of the transaction was either a mistake on its part, or a temporary loan of a register. It ought therefore to have returned the money and the notes upon request. Its only right of action, if any, arose upon May 24, and was not upon the notes but upon the defendants' agreement to pay contained in their order. The declaration does not allege a breach of that agreement, but is in substance upon the notes, for default in their payment, and it would have been enough for the court to justify its finding for the defendants, to find as a fact that the notes were without consideration.

It may be well enough to add that by the terms of the order the register ordered was not to become the property of the defendants until fully paid for, and that the notes to be given were not to be payment. See *Smith* v. *Edwards*, 156 Mass. 221.

*Exceptions overruled.*

*A. F. Means*, for the plaintiff.
*L. S. Simonds*, for the defendants.