RAY MOTOR COMPANY *vs.* WILLIAM P. STANYAN.

WILLIAM P. STANYAN *vs.* RAY MOTOR COMPANY.

Penobscot.    Opinion December 22, 1923.

*There is no implied warranty, as a general rule, where there is an express warranty,
and if an implied warranty may exist it must not be inconsistent with the express
warranty.    A vendee rescinding a contract of sale for default of the vendor
must act within a reasonable time; what is a reasonable time is a ques-
tion of law when the facts are ascertained; under other conditions
it is a mixed question of law and fact, for submission to a
jury.*

Where, as in the present case, a written contract of sale contains an express
warranty referring for its terms to another document, the burden rests upon
the party relying upon an implied warranty to show that such implied war-
ranty is consistent with the express warranty; and when the document showing
the terms of the express warranty is not in evidence, the implied warranty
claimed cannot be given effect.

When by written contract one party, a dealer agrees to sell, and the other party
to buy a motor car of a designated type and to accept delivery on or before a
future specified date, the question whether the contract refers to a certain specified
car then on hand and shown to the purchaser, or to a new car to be later
delivered, depends upon the intention of the parties as disclosed by the written
instrument in the light of the attendant circumstances.

In the instant case the court is of the opinion that it is the only fair construction
of the written contract, and clearly the intention of the parties, that the pur-
chaser was entitled to a new car, and that the contract was not satisfied by the
delivery of the car on hand.

Where the seller delivered the car on hand in fulfillment, as he claimed, of his
obligation under the contract, and the jury have found, and were warranted
in finding, that the car delivered was incapable of giving reasonably efficient
and satisfactory service, the purchaser had the right to rescind the contract,
for breach by the vendor, unless he had unqualifiedly accepted the car
delivered in place of the car for which he contracted.

It is a question of fact for the determination of the jury, whether the vendee did
accept the car which was delivered, and the jury must have found that he did
not; such finding is warranted by the evidence.

After such a finding the jury was warranted in further finding that the vendee
acted with reasonable diligence in returning the car and rescinding the con-
tract.  The question as to whether the alleged rescission was brought to the
knowledge of the vendor was also for the jury.

On motions for a new trial. Two actions of assumpsit tried together. The first action brought by Ray Motor Company against William P. Stanyan on account annexed to recover $645 balance due on the purchase price of a new Mitchell automobile, the purchase price being $1,945 and $900 the agreed value of a Dodge car taken in exchange, and $400 paid in cash, having been credited on the purchase price, the writ being dated August 8, 1921. On April 11, 1922, the second action was brought by William P. Stanyan against the Ray Motor Company to recover the agreed value of the Dodge car given in exchange, viz., $900 and interest, and the $400 paid in cash, the new Mitchell car having been returned to the Ray Motor Company by the purchaser in rescission of the contract on the ground that it was not a merchantable or marketable machine by reason of defective construction. The purchaser, William P. Stanyan, the defendant in the first action and the plaintiff in the second action relied upon an implied warranty and rescission of the contract. The general issue was pleaded in each case. In the first action the jury returned a verdict for defendant, and in the second action a verdict of $1,373.23 was rendered for plaintiff, and counsel for the Ray Motor Company filed a general motion for a new trial in each case. Motion in each case overruled.

The case is fully stated in the opinion.

*Donald F. Snow,* for the Ray Motor Company in each case.

*Charles P. Conners,* for William P. Stanyan in each case.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

MORRILL, J. The first action is to recover the sale price of a motor car known as a Mitchell Roadster; the verdict was for defendant. The second action is to recover the amount of payments made by plaintiff on the price of the same car; the verdict was for plaintiff. The actions were tried together before the jury, and on general motions for new trials are before us upon a single record.

On December 24, 1920, Mr. Stanyan entered into a written contract with the Ray Motor Company to purchase "One Mitchell Car, Model F 3 Passenger Body Type, Roadster; . . . . and to accept delivery on or about May 1st, 1921"; during the latter part of May or the first of June, 1921, the Ray Motor Company delivered

to him a car of the type designated. The record discloses that the car so delivered was absolutely lacking in the qualities which any purchaser had the right to expect, and was worthless for reasonably efficient service. The purchaser kept the car until August 6, 1921, and then returned it to the service station of the vendor, and notified the man in charge that he was returning it upon advice of counsel.

Counsel for Mr. Stanyan does not claim an express warranty of quality; but he claims to defend the first action and to maintain the second upon the theory that there was an implied warranty that the parts of the car delivered were properly constructed and assembled so as to meet the requirement of a merchantable or marketable car; that this implied warranty was broken and that the purchaser had the right to rescind the contract of sale.

The contract of sale contained, however, an express warranty in these words: "Guarantee on the sale is that which the Factory gives in their catalogue."

It is a general rule that no warranty is implied where the parties have expressed in words, or by acts, the warranty by which they mean to be bound, or, as sometimes expressed, where an express warranty is made upon a sale of chattels, no other will be implied. Benjamin on Sales, 4th Amer. Ed., Section 666, Page 766. *Lombard Water Wheel Governor Co.* v. *Great Northern Paper Co.*, 101 Maine, 114, 120, and cases cited. It is not necessary for us here to decide whether an implied warranty may exist under some circumstances along with an express warranty; assuming such to be the law, as claimed by the vendee's counsel, the implied warranty cannot have effect if inconsistent with the express warranty. Here there was an express warranty of some kind; its terms do not appear; the catalogue referred to in the contract of sale is not in evidence; the purchaser, upon whom the burden rests, has not shown that the implied contract is consistent with the express; the latter may in terms negative and exclude the former. The verdicts cannot therefore, upon this record, be sustained upon the ground of the implied contract claimed.

Upon examination of the record, however, the issue upon which the jury must have based their verdicts, is apparent, and thereon the verdicts are fully justified.

The Ray Motor Company people claim that they sold Mr. Stanyan a specified car, of the type designated, which was at the date of the

contract on the floor of their salesroom and was the car delivered in the following May or June.  On the other hand Mr. Stanyan in reply to the question, "Did you buy that particular car that was on the floor," answered, "I was told later that I did, but I did not understand it so at that time; I was to purchase what I presume we thought was a 1921 roadster."  As in all other cases of written contracts, the question presented is, what was the intention of the parties as disclosed by the written instrument in the light of the attendant circumstances.

The record fully sustains the vendee's understanding of the contract; such is the only fair construction of the written agreement, and such was clearly the intention of the parties.  If the Ray Motor Company was selling a car which they then had on hand, the clause in the contract, . . . .  "This delivery date (May 1, 1921) accepted subject to delays in transportation or other causes beyond the control of the Ray Motor Co., Distributors," . . . .  has no application; nor is any reason for postponement of the delivery date to May 1 apparent; the Dodge car taken in part payment was delivered to the Ray Motor Company early in January, and the sale could have been then closed.  The final sentence of the contract shows conclusively that the contract was for the sale of a car not then on hand; it reads:—"The  cash deposit shall be forfeited as liquidated damages if subsequent payment is not made within twenty days of notice that the car is ready for delivery."

The jury was amply justified in finding that the Ray Motor Company did not deliver to Stanyan the car which they agreed to deliver to him, but delivered in place thereof a car which they had had on sale since August, 1920, and which was incapable of giving reasonably efficient and satisfactory service.  The evidence of the defective condition of the car when delivered, and of the repeated ineffectual attempts of the vendor to put it into proper condition for service, is plenary.  The jury was fully justified in finding, upon this record, that the motor in the car delivered was made sometime prior to March, 1920 and from structural defects or otherwise was useless for further service; that the battery was worn out and could not be recharged; that the carburetor was defective; that the car would not respond to pressure upon the gas lever; and that after repeated trials the vendors were unable to remedy the defects.

The purchaser, Mr. Stanyan, was entitled to the new car for which he contracted, and upon such state of facts had a right to rescind the contract, for breach by the vendor, (*Hallwood Cash Register Co.* v. *Lufkin*, 179 Mass., 143), unless he had unqualifiedly accepted the car delivered in place of the car for which he contracted, and thus waived his right. Whether another car would have given better service is not the question at issue; the contract was not satisfied by the delivery of the car on hand. The action of the vendor in changing the radiator to conform in appearance to cars made for the season of 1921 tends to support this view. It was a question of fact for the determination of the jury, whether the vendee did so accept the car which was delivered, and the jury must have found that he did not; such finding is not manifestly wrong, and is warranted by the evidence.

Was the attempted rescission seasonable? Undoubtedly a vendee rescinding a contract of sale for default of the vendor must act within a reasonable time. What is a reasonable time is a question of law when the facts are ascertained. *Kingsley* v. *Wallis*, 14 Maine, 57. *Watson* v. *Fales*, 97 Maine, 366. *Getchell* v. *Kirkby*, 113 Maine, 91; under other conditions it is a mixed question of law and fact, for submission to a jury. *Hill* v. *Hobart*, 16 Maine, 164, 168. *Hollis* v. *Libby*, 101 Maine, 302, 309. *Libby* v. *Haley*, 91 Maine, 331. *Getchell* v. *Kirkby*, supra. The requisite diligence is governed by the circumstances of the particular case.

There is testimony tending to show that for the greater part of the time from the delivery of the car, about the first of June, until about the middle of July the car was in the service station of Ray Motor Company, for changes and adjustments, in ineffectual efforts by the company to make it serviceable. About the middle of July, Mr. Ray drove the car from Bangor to Hampden and return, with Mr. Stanyan, a distance of ten or twelve miles, to demonstrate that it was in proper condition. Mr. Stanyan testifies that upon their return, "I told him that I would take the car out that evening after supper and try it out and if it worked satisfactorily that I would come over to his office in the morning and pay him." The evidence further tends to show that when Mr. Ray left the car on that occasion there was trouble in starting it, and that after running a few rods it stopped; that a man from the Ray Motor Company's garage came upon telephone call and replaced the battery with one hired

from another garage; that with that battery Mr. Stanyan drove the car home. Two or three days later Mr. Stanyan went on his vacation and drove the car with the hired battery, to some extent, for about two weeks, the evidence tending to show that it ran no better with the new battery than before; shortly after his return to Bangor, upon the advice of counsel, he returned the car to the service station of the vendor, where the work upon it had been done.

Upon this branch of the case the issue was peculiarly for the jury; after a finding that Mr. Stanyan did not accept the car in question in place of the new car, to which he was entitled under the contract, the jury was warranted in further finding that Mr. Stanyan acted with reasonable diligence in returning the car and rescinding the contract; and that it was not an unreasonable delay to permit the Ray Motor Company to attempt to remedy the car's defects, or for Mr. Stanyan to test out the car; that he did not lose his right of rescission thereby. We cannot say as a matter of law that he was too late. *Pitcher* v. *Webber*, 103 Maine, 101, 105. *Boles* v. *Merrill*, 173 Mass., 491, 494.

Whether the alleged rescission was brought to the knowledge of the vendor was also for the jury; if the statement to the mechanic, when the car was left at the service station, was not a sufficiently positive act, they had before them Stanyan's letter of August 9, and it was for them to say whether it was received.

Upon this record we are not justified in declaring the verdicts of the jury erroneous. In each case,

*Motion overruled.*