139 S.W.3d 315 (2004)
In the Matter of M.D.H.
No. 2-03-112-CV.
Court of Appeals of Texas, Fort Worth.
February 26, 2004.
Opinion Overruling Second Motion for Rehearing July 1, 2004.
Swanda & Swanda, P.C. and Dean Swanda, Arlington, for Appellant.
*316 Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Anne Swenson, David M. Curl, and Rebecca McIntire, Asst. Crim. Dist. Attys., Fort Worth, for State.
Panel F: HOLMAN, GARDNER, and WALKER, JJ.

MEMORANDUM OPINION[1] ON REHEARING
DIXON W. HOLMAN, Justice.
After reviewing Appellant M.D.H.'s motion for rehearing, we deny the motion. We also withdraw our December 18, 2003 opinion and judgment and substitute the following.
Appellant was charged in cause number 74033-J with misdemeanor assault on a family member and resisting arrest. The State's pleadings, in reference to the resisting arrest charge, stated that Appellant used force against a peace officer, "to wit: pulling away from him." Prior to the adjudication hearing, the State waived the assault charge, and Appellant stipulated to the State's evidence on the resisting arrest charge. The trial court noted, on the record, that the misdemeanor assault charge was dropped and that it would "consider the evidence only as it relates to the second paragraph, the evading arrest offense." The trial court, sitting without a jury, found that Appellant engaged in delinquent conduct by resisting arrest. At the disposition hearing, the trial court reviewed Appellant's social history report, and determined that Appellant had two previous delinquency adjudications, both for misdemeanor assault/family violence. Appellant was on probation for the second prior offense when she committed the present offense of resisting arrest. The trial court committed Appellant to an indeterminate sentence in the Texas Youth Commission (TYC). In five issues, Appellant complains of the legal and factual sufficiency of the evidence to support the adjudication and disposition of her case and asserts that the trial court erred in considering evidence regarding her two prior delinquent adjudications. We affirm.

STANDARD OF REVIEW
In the adjudication phase of a juvenile case, the criminal legal and factual sufficiency standards of review are employed. In re J.D.P., 85 S.W.3d 420, 422-23 (Tex.App.-Fort Worth 2002, no pet.); In re G.A.T., 16 S.W.3d 818, 828 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90 (Tex.Crim.App.2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), cert. denied, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. McDuff v. State, 939 S.W.2d 607, 614 (Tex.Crim.App.), cert. denied, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979).
In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App.2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. *317 Crim.App. 1996). Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Id. In performing this review, we are to give due deference to the fact finder's determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136. Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App.1997).
In the disposition phase of a juvenile case, we review the evidence under the civil standard. J.D.P., 85 S.W.3d at 426. In reviewing the legal sufficiency, we therefore consider only the evidence and inferences tending to support the findings under attack and set aside the judgment only if there is no evidence of probative force to support the findings. Id.; see In re A.S., 954 S.W.2d 855, 858 (Tex.App.-El Paso 1997, no pet.); In re S.A.M., 933 S.W.2d 744, 745 (Tex.App.-San Antonio 1996, no writ). In reviewing Appellant's factual sufficiency claim, we consider and weigh all the evidence and set aside the judgment only if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. J.D.P., 85 S.W.3d at 426; In re T.K.E., 5 S.W.3d 782, 784 (Tex.App.-San Antonio 1999, no pet.); In re K.L.C., 972 S.W.2d 203, 206 (Tex.App.-Beaumont 1998, no pet.); A.S., 954 S.W.2d at 862.
Appellant, in her second issue, argues that, when reviewing a factual sufficiency challenge where the burden of proof at trial was beyond a reasonable doubt, courts should view the evidence in a neutral light and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Appellant contends that we should apply the standard of review set forth by the Texas Supreme Court for parental termination cases, which asks whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the State's claims. See In re C.H., 89 S.W.3d 17, 25-26 (Tex.2002). The supreme court was clear, however, that this standard applies to parental-right terminations, for which the burden of proof at trial is clear and convincing evidence. Id. We decline Appellant's invitation to adopt a new standard of review for juvenile adjudications, and instead, follow the standards this court has followed in the past. Weiner v. Wasson, 900 S.W.2d 316, 320 (Tex.1995) (for reasons of efficiency, fairness, and legitimacy, a court must adhere to its precedents); In re C.J.H., 79 S.W.3d 698, 702-03 (Tex.App.-Fort Worth 2002, no pet.); In re J.S., 35 S.W.3d 287, 292 (Tex.App.-Fort Worth 2001, no pet.); Conner v. ContiCarriers & Terminals, Inc., 944 S.W.2d 405, 422 (Tex.App.-Houston [14th Dist.] 1997, no writ).

DISCUSSION
In Appellant's first and third issues, she argues that the evidence was legally and factually insufficient to support a conviction for resisting arrest. Appellant was adjudicated delinquent after the trial court found that she was guilty of resisting arrest as defined by section 38.03 of the Texas Penal Code:
(a) A person commits an offense if he intentionally prevents or obstructs a *318 person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.
TEX. PENAL CODE ANN. § 38.03(a) (Vernon 2003).
Although Appellant signed a "Stipulation of Evidence," she argues that she did not stipulate to the entire record and asks us to disregard portions of the record. In Appellant's stipulation, she consented to the stipulation of evidence in cause number 74033-J, and expressly waived the appearance, confrontation, and cross-examination of witnesses. The stipulation is signed by Appellant, as well as her attorney. During the adjudication portion of the hearing and after the State produced evidence that Appellant attempted to strike an officer, Appellant's counsel argued that she stipulated only to pulling away from the police officer. When Appellant attempted to tell the court her version of the facts, the court explained:
[MDH], let me tell you, I understand you're trying to tell me your side of the story, but if we're going to stipulate to the evidence today, then the only evidence that I can consider is what the District Attorney has just told me. That's what I need to consider is what those witnesses would say is what happened from their perspective, and that's the evidence that I can consider in finding whether or not you broke the law. Do you understand that?
[APPELLANT]: Yes, ma'am.
THE COURT: And is that how you want to proceed today?
[APPELLANT'S ATTORNEY]: Can I have just a minute, Your Honor?
THE COURT: You may.
(Off-the-record discussion here.)
THE COURT: All right. Is that how you want to proceed today, with me considering what the D.A.'s evidence is?
[APPELLANT]: Yes, ma'am.
In light of Appellant's signed Stipulation of Evidence and her statements at trial, we will consider all of the State's evidence presented at trial.
In further attempts to have this court disregard evidence that Appellant attempted to strike the officer, Appellant argues, for the first time in her reply briefs, that the pleadings do not support an adjudication on anything more than pulling away because the pleadings do not include claims that Appellant struck at the officer. Thus, according to Appellant, any adjudication on "unpled allegations" would be void for lack of supporting pleadings. In the alternative, Appellant argues, again for the first time in her reply briefs, that the information beyond pulling away from the officer was simply res gestae of the offense and could not form the basis of an adjudication.
A reply brief may not be used to raise new complaints. Tex.R.App. P. 38.3; Barrios v. State, 27 S.W.3d 313, 321-22 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd), cert. denied, 534 U.S. 1024, 122 S.Ct. 555, 151 L.Ed.2d 430 (2001); Gabriel v. Snell, 613 S.W.2d 810, 813 (Tex.Civ.App.-Houston [14th Dist.] 1981, no writ). The Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's briefs but not raised by appellants original brief. In re A.M., 101 S.W.3d 480, 486 (Tex.App.-Corpus Christi 2002, no pet.). Appellant claims that these new issues fall within the ambit of her first issue  that "the stipulated evidence is legally insufficient to support a conviction for resisting arrest." We disagree. Although Appellant's original argument under her first issue was based *319 on her claims that the stipulated evidence was limited to pulling away, there is no mention of void pleadings or res gestae. Only after the State's reply brief pointed out that Appellant stipulated to all of the evidence as it relates to the offense of resisting arrest, did Appellant raise these new claims. Consequently, we do not address Appellant's defective pleading arguments; instead, we address only the issues asserted in Appellant's original brief.[2]
The stipulated evidence reflects that two Hurst police officers were dispatched to a residence in Hurst, Texas, on February 11, 2003, regarding a domestic disturbance. The officers arrived and observed Appellant's sister, Miranda, lying on the floor crying. Miranda, pregnant at the time, told the officers that Appellant kicked her in the crotch area. Miranda was transported to the hospital, and the officers informed Appellant that she was under arrest. Appellant stated that she was not going and began screaming. As one of the officers reached out for Appellant's arm, she jerked it away and attempted to strike the officer with her hand. The struggle moved outside the residence, and the officers were eventually able to subdue Appellant and place her under arrest. The stipulated evidence establishes that Appellant intentionally prevented the officers from arresting her by pulling away and by striking at one of the officers. Under these facts, there was factually and legally sufficient evidence to show that Appellant resisted arrest. Tex.R.App. P. 38.03; Torres v. State, 103 S.W.3d 623, 626-27 (Tex.App.-San Antonio 2003, no pet.) (discussing contradictory caselaw and concluding that "a person who uses force in order to shake off an officer's detaining grip, whether by pushing or pulling, may be guilty of resisting arrest"); Hopper v. State, 86 S.W.3d 676, 679 (Tex.App.-El Paso 2002, no pet.); Haliburton v. State, 80 S.W.3d 309, 313 (Tex.App.-Fort Worth 2002, no pet.) ("kicking at" officer was sufficient to support resisting arrest conviction); In re Hartsfield, 531 S.W.2d 149, 152 (Tex.Civ.App.-Tyler 1975, no writ) (finding that juvenile used force to resist arrest was shown beyond a reasonable doubt by arresting officer's uncontradicted testimony that, when the juvenile started swinging at him, the officer protected his face and body by warding off the blows with his arms). We overrule Appellant's first and third issues.
In Appellant's fourth and fifth issues, she complains that the trial court erred in admitting evidence regarding her two prior delinquent adjudications because the State failed to plead support for committing Appellant to TYC. Under the Texas Family Code, the trial court can commit a juvenile to TYC for committing a misdemeanor when the court finds the juvenile "has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of misdemeanor on at least two previous occasions." Tex. Fam.Code Ann. § 54.04(s)(1) (Vernon Supp.2004). Appellant claims that the State failed to give her notice in its pleadings that it was going to seek to enhance her punishment by alleging two prior misdemeanors. Appellant cites section 53.04(d)(5), a notice provision applying to habitual felony conduct, to assert that the State was required "by the spirit of [the] *320 section" to provide notice in the case at hand of Appellant's misdemeanor convictions. Appellant argues that the trial court violated her due process rights under the United States Constitution and notice requirements of the Texas Family Code in considering evidence of the two prior adjudications. U.S. Const. amends. V, VI, XIV, § 1; TEX. FAM.CODE ANN. §§ 54.04(d)(2), 54.04(s), 54.04(t). We do not address the merits of Appellants fourth and fifth issues because she did not preserve her complaint with a timely and specific objection. See Tex.R.App. P. 33.1.
Appeals in juvenile delinquency proceedings are governed by the rules of civil procedure. Tex. Fam.Code Ann. § 51.17(a). To preserve error for appellate review, an appellant must make a timely, specific objection, and obtain an adverse ruling. Tex.R.App. P. 33.1; In re B.L.D., 113 S.W.3d 340, 345 (Tex.2003); In re J.F.C., 96 S.W.3d 256, 287 (Tex.2002) (Schneider, J., dissenting). However, appellate courts may consider unpreserved error that is fundamental. J.F.C., 96 S.W.3d at 287; McCauley v. Consol. Underwriters, 157 Tex. 475, 304 S.W.2d 265, 266 (1957). In J.F.C., the court stated:
Substantively, public-interest-based fundamental error is rare, implicated only when our most significant state public interests are at stake. The meaning of the `public interest' that is adversely affected must be extremely circumscribed, or the exception would swallow the rule. Thus, it cannot be enough to allege that an error violates a party's constitutional rights.
96 S.W.3d at 292. Both the Texas Supreme Court and the United States Supreme Court have held that constitutional arguments that are not preserved in the lower courts may be waived. In re L.M.I., 119 S.W.3d 707, 710 (Tex.2003) (citing Webb v. Webb, 451 U.S. 493, 496-97, 101 S.Ct. 1889, 1891-92, 68 L.Ed.2d 392 (1981)) (holding that constitutional error was waived, even though petitioner repeatedly used the phrase "full faith and credit," because petitioner did not cite to the federal constitution or to any cases relying on the Full Faith and Credit Clause of the federal Constitution); Tex. Dep't of Protective & Regulatory Servs. v. Sherry, 46 S.W.3d 857, 861 (Tex.2001) (holding constitutional claim that paternity suit should not be barred by statute of limitations is waived by failing to raise the issue before the trial court).
The record reflects that Appellant did not make an objection to the trial court's review of her prior delinquency adjudications at any time during the adjudication or disposition phases of the trial. Prior to admitting Appellant's social history into evidence, the trial judge said the following to Appellant's counsel: "[B]ecause I've been referring to it so much, I'm going to admit a copy of the social history and the psychological [report] as the Court's Exhibit Number One. [Are] there any objections to that?" Appellant's counsel replied, "No, Your Honor." Accordingly, Appellant has waived our review of these issues. We overrule Appellant's fourth and fifth issues.

CONCLUSION
Having overruled all of Appellant's issues, we affirm the trial court's judgment.
WALKER, J. concurs without opinion.

OPINION ON DENIAL OF APPELLANT'S SECOND MOTION FOR REHEARING
We deny Appellant's second motion for rehearing, but write to address the dissent's statement that it does not appear that M.D.H. intended to stipulate to the evidence that she attempted to strike the *321 officer or that the trial court considered the striking evidence in adjudicating M.D.H. delinquent. As detailed in our February 26, 2004 memorandum opinion on rehearing, the trial court initially admonished M.D.H. when she signed her stipulation, "I need you to listen very carefully to what they say, because when they're finished, I'm going to ask you if everything they said was true, because that's the only evidence that I'll be able to consider today."
When M.D.H.'s counsel objected to testimony that M.D.H. attempted to strike a police officer, he made two points: 1) that the first paragraph of the State's petition charging M.D.H. with misdemeanor assault on a family member was dropped; and 2) that M.D.H. could not stipulate to evidence that she attempted to strike the police officer. The court first reassured the parties that it would consider the evidence only with regard to the resisting arrest charge in the second paragraph of the State's petition and then asked M.D.H. if she could agree that all of the evidence put forth by the State was true. M.D.H. responded, "I did not try to hit the officer. When he told me I was under arrest, because I had reacted in self-defense after my sister had attacked me and drawn blood, I did something to stop it." The trial court once again admonished M.D.H. that her stipulation would encompass all of the State's evidence, explaining:
THE COURT: [M.D.H.], let me tell you, I understand you're trying to tell me your side of the story, but if we're going to stipulate to the evidence today, then the only evidence that I can consider is what the District Attorney has just told me. That's what I need to consider is what those witnesses would say is what happened from their perspective, and that's the evidence that I can consider in finding whether or not you broke the law. Do you understand that? [Emphasis added.]
[APPELLANT]: Yes, ma'am.
THE COURT: And is that how you want to proceed today?
[APPELLANT'S ATTORNEY]: Can I have just a minute, Your Honor?
THE COURT: You may.
(Off-the-record discussion here.)
THE COURT: All right. Is that how you want to proceed today, with me considering what the D.A.'s evidence is?
[APPELLANT]: Yes, ma'am.
The trial court's own statements on the record, as well as Appellant's, indicate that M.D.H. stipulated to all of the evidence and the trial court considered all of the evidence in adjudicating M.D.H. delinquent.
SUE WALKER, Justice, dissenting to denial of appellant's second motion for rehearing.
I respectfully dissent to the majority's denial of M.D.H.'s second motion for rehearing. Paragraph two of the State's petition alleged that M.D.H. committed the offense of resisting arrest by using force against a peace officer, "to wit: pulling away from him." Prior to the adjudication hearing, M.D.H. stipulated to the State's evidence on the resisting arrest charge. During the adjudication hearing, the State produced evidence that M.D.H. not only pulled away from the officer, but also that she attempted to strike the officer with her hand as he attempted to effectuate the arrest. M.D.H.'s attorney immediately advised the juvenile court that M.D.H. did not intend to stipulate to the striking allegation:
[S]he did not attempt to strike anybody. She attempted to pull away, and that's what I indicated earlier that it was agreed and stipulated testimony that she pulled away from the police officer, but not that she attempted to strike the police officer.
*322 In response, the court advised M.D.H. that it would "consider the evidence only as it relate[d] to the second paragraph, the evading [sic] arrest offense." In addition, at the close of the adjudication hearing, the juvenile court stated, "I will find then based on that stipulated evidence that you have engaged in delinquent conduct as alleged in paragraph two of the State's petition." [Emphasis added.]
Although the record in this case is somewhat unclear, it does not appear that M.D.H. intended to stipulate to the evidence that she attempted to strike the officer, nor does it appear that the trial court considered the striking evidence in adjudicating M.D.H. delinquent. Because the trial court adjudicated M.D.H. delinquent for resisting arrest based solely upon the evidence that she pulled away from the police officer, this court must necessarily consider whether pulling away, standing alone, is legally and factually sufficient to constitute the offense of resisting arrest. Accordingly, I would grant M.D.H.'s second motion for rehearing and address this issue.
NOTES
[1] See Tex.R.App. P. 47.4.
[2] Appellant argues, again for the first time in her reply briefs, that this court should consider whether pulling away, standing alone, is legally and factually sufficient to show the offense of resisting arrest. Notwithstanding Appellant's attempts to raise new issues in her reply briefs, the stipulated evidence includes evidence that Appellant both pulled away and struck at the officer. We, therefore, do not address whether either act, standing alone, would satisfy the requirements of Rule 38.03. Tex.R.App. P. 38.03.