COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-184-CV

 

 

WILBERT
L. CLEWIS AND                                                   APPELLANTS

ROSE MARY CLEWIS

 

                                                   V.

 

SAFECO
INSURANCE COMPANY                                              APPELLEE

OF AMERICA

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                   MEMORANDUM OPINION[1] ON REHEARING

 

                                              ------------








The trial court dismissed some of Appellants
Wilbert L. Clewis and Rose Mary Clewis=s claims
and ordered that Wilbert take nothing on his remaining claims.  In four issues, Wilbert and Rose Mary argue
that the trial court erred by dismissing some of his claims, that the trial
court erred by dismissing Wilbert and Rose Mary=s claims
without giving them notice under rule of civil procedure 165a, that the trial
court erred by disregarding its own pretrial order, and that Appellee Safeco
Insurance Company of America=s motion
to deem Wilbert a vexatious litigant was untimely.  Because we hold that the trial court did not
err and that Safeco=s motion was timely filed, we
affirm.

                                            Background

On June 5, 1998, Wilbert sustained a compensable
injury while driving a truck in the course of his employment.  Safeco was his employer=s
workers=
compensation insurance carrier.  Wilbert
has been initiating lawsuits against Safeco over issues related to this injury
since 1999.








This case arose out of Wilbert=s
attempt to recover travel expenses incurred in the course of his medical
treatment.  On January 24, 2006, the
Division of Workers= Compensation of the Texas
Department of Insurance (Athe DWC@) held a
benefits contested case hearing[2]
(ACCH@) to
determine (1) whether Wilbert was entitled to reimbursement of travel expenses
for medical treatment by Dr. James Elboar, and if so, what amount; and (2)
whether the DWC had jurisdiction to adjudicate the issue of Wilbert=s
impairment rating, and if so, what the impairment rating was.  The hearing officer determined that the DWC
had no jurisdiction to adjudicate the impairment rating and that Safeco was not
liable to Wilbert for the travel expenses. 
After an appeals panel affirmed the hearing officer=s
determination, Wilbert sought judicial review in the trial court.

Wilbert asserted a number of claims in the trial
court, but on March 1, 2007, in response to Safeco=s plea
to the jurisdiction, the trial court signed an order dismissing all of the
claims except (1) his claim for reimbursement of the travel expenses and (2)
his claim that the DWC had incorrectly decided that it lacked jurisdiction to
adjudicate his impairment rating.  Trial
was set for that same date, but Wilbert failed to appear, and the trial court
dismissed his claims for want of prosecution. 
Upon Wilbert=s motion, however, the trial
court reinstated the case in June 2007.

Trial to the court was held on August 21,
2007.  At trial, Wilbert sought to
litigate claims that had been dismissed in the March 1 order.  When the trial court informed him that it
would not reconsider its ruling dismissing those claims, Wilbert stated that A[i]f
that can=t be
heard, I=m not
concerned with the $600 travel reimbursement@ and
that he did not wish to prosecute his claim for travel expenses or his claim on
the jurisdictional issue.  The trial
court stated that it would therefore order that Wilbert take nothing on his
claims.








On September 14, 2007, before the trial court had
signed a final judgment in the case, Wilbert filed a fourth amended petition
adding Rose Mary as a party and seeking additional damages for loss of earning
capacity and for intentional infliction of emotional distress on Wilbert=s
behalf.  Safeco filed a motion to strike
this amended petition on the ground that it was an impermissible post-trial
amended pleading.  No order on this
motion appears in the appellate record, but on December 5, 2007, the trial
court signed a judgment affirming the DWC=s
determination and deeming Wilbert a vexatious litigant as to the filing of any
claims against Safeco based on the June 5, 1998 workers=
compensation injury.

Wilbert and Rose Mary each filed a notice of
appeal, but because the trial court=s
judgment did not dispose of Rose Mary=s claims
and was therefore not a final judgment, we dismissed the appeal for want of
jurisdiction.

Rose Mary then filed a notice of nonsuit of her
claims, and the trial court signed an order dismissing them.  Wilbert subsequently filed a motion to
nonsuit the claims he had asserted in his fourth amended petition.  This court then granted Wilbert=s motion
for rehearing, withdrew its dismissal opinion and judgment, and set the case
for briefing.

                                               Analysis








In his first issue, Wilbert argues that the trial
court erred by granting Safeco=s plea
to the jurisdiction and dismissing all of his claims except the claim for
reimbursement of the travel expenses and the claim that the DWC had incorrectly
decided that it lacked jurisdiction to adjudicate his impairment rating.  He contends that he presented six issues for
determination to the hearing officer and to the appeals panel and therefore,
under section 410.302 of the labor code,[3]
he should have been allowed to pursue all of those issues in the trial
court.  We review a trial court=s
determination of a plea to the jurisdiction under a de novo standard of review.[4]

Labor code section 410.301 provides for A[j]udicial
review of a final decision of the appeals panel regarding compensability or
eligibility for or the amount of income or death benefits.@[5]  Wilbert argues that under the labor code,
judicial review is limited to issues presented to the appeals
panel.  But section 410.302 limits the
issues in judicial review by a trial court to Aissues decided
by the appeals panel and on which judicial review is sought.@[6] 








In this case, the hearing officer at the CCH
stated that he understood the issues were Awhether
[Wilbert] is entitled to reimbursement of travel expenses for medical treatment
at the direction of Dr. James Elboar . . . and if so, what amount@ and Awhether
the Commission has the jurisdiction to adjudicate the impairment rating and, if
so, what is the impairment rating.@  When the hearing officer asked whether that
characterization of the issues was also Wilbert=s
understanding of the issues, the ombudsman[7]
assisting Wilbert answered in the affirmative. 
The hearing officer=s
written decision expressly stated that the CCH was held to determine those two
issues.  The hearing officer concluded
that Wilbert was not entitled to the travel expenses and that the DWC did not
have jurisdiction to adjudicate the issue of his impairment rating.  When Wilbert appealed that decision to the
appeals panel, the issues that the appeals panel decided were the issues
decided by the hearing officer at the CCH.[8]








Because the only issues decided by the appeals
panel were the two issues decided at the CCH, those were the only two issues
for which judicial review could be sought.[9]  Accordingly, the trial court did not err by
limiting its review to the two issues decided by the appeals panel and
dismissing the other issues raised by Wilbert. 
We overrule Wilbert=s first
issue.

In his second issue, Wilbert argues that rule
165a of the rules of civil procedure prohibited the trial court from dismissing
his suit without notice to him and that the trial court abused its discretion
by doing so.  He contends that after he
filed his fourth amended petition on September 14, 2007, adding his wife as a
party, the trial court dismissed their suit on February 21, 2008, without
providing them notice as required under rule 165a.  Specifically, he states that when he Amade mention
of his fourth amended petition to [the trial judge], he simply disposed of it
and my wife was not even present.@








Rule 165a provides that A[a] case
may be dismissed for want of prosecution on failure of any party seeking
affirmative relief to appear for any hearing or trial of which the party had
notice.@[10]  But the final judgment in this case did not result
from the trial court dismissing Wilbert and Rose Mary=s suit
for want of prosecution.  The trial court
signed a final judgment on December 5, 2007, after Wilbert had filed his
amended petition.  This judgment was a
ruling on the merits.

After the final judgment was entered, Wilbert
filed a motion to reinstate, which the trial court denied on February 21,
2008.  At the hearing on the motion, the
trial court informed Wilbert that his motion applied to a case dismissed for
want of prosecution and that the court Adidn=t
dismiss [Wilbert=s] case due to lack of
prosecution.@ 
Rather, A[t]he case has been adjudicated.@  The appellate record supports the trial court=s
characterization of the proceedings.  The
final judgment states that the court considered the pleadings, evidence, and
arguments of the parties and found that the DWC=s
judgment should be affirmed.  The final
judgment is on its face a determination on the merits of Wilbert=s
claims, not a dismissal under rule 165a. 
And the trial court=s order
of February 21 denied Wilbert=s motion
to reinstate; it did not dismiss any claims for want of prosecution.








In Wilbert=s reply
brief, he argues that because the trial court dismissed the fourth amended
petition without notice to his wife, her due process rights were violated.  Rose Mary did not file a brief on appeal and
did not sign the brief filed by Wilbert.[11]  Because Wilbert is not an attorney, he may
not represent Rose Mary on appeal.[12]  We overrule Wilbert=s second
issue.

In his third issue, Wilbert argues that the trial
court erred by holding a bench trial, disregarding its pretrial order under
rule 166 of the rules of civil procedure. 
The pretrial order to which Wilbert refers did not set the case for a
jury trial.  It merely ordered the
parties to notify the court coordinator if, among other things, a jury panel of
more than thirty-five would be needed. 
At the trial before the court, when Wilbert asserted to the court that
he had not been given a jury trial even though he had called the court
coordinator and requested one, the trial court looked at its files and noted
that Wilbert had not paid a jury fee.[13]  The trial court further noted that Wilbert
had not filed a separate written demand for a jury trial apart from his prayer
in his second amended petition, which stated that Athe
Plaintiff respectfully prays that the Defendant be cited to appear and answer
this petition upon final jury trial.@








The Texas Constitution provides that Ano jury
shall be empaneled in any civil case unless demanded by a party to the case,
and a jury fee be paid by the party demanding a jury.@[14]  Rule 216 of the rules of civil procedure
similarly provides that in a civil suit, A[n]o
jury trial shall be had . . . unless a written request for a jury trial is
filed with the clerk of the court a reasonable time before the date set for
trial . . . but not less than thirty days in advance@ and
that the payment of the jury fee must also be made within that time limitation.[15]  Wilbert had not paid a jury fee at the time
of trial, and, accordingly, the trial court did not abuse its discretion by
denying Wilbert=s request for a jury trial.  We overrule Wilbert=s third
issue.

In his fourth issue, Wilbert argues that Safeco=s motion
to deem him a vexatious litigant was not timely filed under section 11.052 of
the civil practice and remedies code.  He
also argues that the trial court erred by granting the motion because Safeco
did not meet its burden to show that he had prosecuted at least five actions
arising out of the same matter.








Section 11.051 provides that a defendant may move
for the court to enter an order determining that the plaintiff is a vexatious
litigant.[16]  This motion must be filed on or before the ninetieth
day after the date the defendant files an original answer or makes a special
appearance.[17]









The appellate record does not contain Safeco=s
original motion to have Wilbert declared a vexatious litigant.[18]  But in his motion for new trial, Wilbert
objected to the trial court=s grant
of Safeco=s motion on the ground that
Safeco=s July
10, 2007 motion was untimely because it was not filed within ninety days of
Safeco=s
original answer.  The July 10 motion was
Safeco=s amended
motion.  Wilbert never objected that
Safeco=s original
motion was untimely filed, and he admits in his brief that Safeco=s
original motion was filed on July 6, 2006Cthe same
day that Safeco filed its answer.  The
original motion was therefore timely filed.[19]  An amended motion relates back to the date of
the original motion.[20]  Accordingly, Safeco timely filed its motion
to have Wilbert declared a vexatious litigant.

Wilbert relies on Dishner v. Huitt-Zollars,
Inc. to argue that the amended pleading was untimely.[21]  Disnher is distinguishable.  In that case, the original motion was
withdrawn by the defendant, and a second motion was filed after the deadline.[22]  Here, nothing in the record indicates that
Safeco ever withdrew its original motion.

Wilbert next argues that Safeco failed to show
that he has commenced, prosecuted, or maintained at least five litigations that
have been finally determined adversely to him and that his claims have not been
found to be frivolous or groundless. 













Before the trial court may enter an order that a
plaintiff is a vexatious litigant, the defendant must show that Athere is
not a reasonable probability that the plaintiff will prevail in the litigation
against the defendant.@[23]  The defendant must also make a showing that
the plaintiff falls within one of three categories, two of which Safeco
asserted in the trial court.  First, the
defendant may show that in the seven-year period preceding the date of the
defendant=s motion, the plaintiff Acommenced,
prosecuted, or maintained in propria persona[24]
at least five litigations other than in a small claims court that have
been . . . finally determined adversely to the plaintiff .
. . [or] determined by a trial or appellate court to be frivolous or
groundless.[25]  Alternatively, the defendant may show that
after a litigation has finally been determined adversely to the plaintiff, the
plaintiff Arepeatedly relitigates or
attempts to relitigate, in propria persona,@ either
(1) the validity of the determination against a defendant who was the same
defendant from the finally-determined litigation or (2) Athe
cause of action, claim, controversy, or any of the issues of fact or law
determined or concluded by the final determination against the same defendant
as to whom the litigation was finally determined.@[26]

The record contains documents demonstrating that
in December 1999, Wilbert sought judicial review of the appeals panel=s
determination that he had reached maximum medical improvement and its
determination of his impairment rating. 
The trial court affirmed the appeals panel=s
decision, and this court affirmed that judgment.[27]

The record further shows that Wilbert
subsequently filed at least four additional suits:

$                  
a suit against Safeco for bad faith for denying
his claims, in which the trial court granted summary judgment for Safeco;

$                  
a suit against Safeco for the unauthorized
release of his confidential medical information, in which the trial court
granted summary judgment for Safeco, and this court affirmed the trial court;[28]








$                  
a suit for judicial review of the appeals panel=s
decision that his compensable injury did not include his pelvis or his right
elbow, in which the trial court affirmed the appeals panel=s
decision, and this court dismissed Wilbert=s appeal
for want of jurisdiction;[29]
and

$                  
a bill of review alleging fraud against Safeco
for releasing his medical records, in which the trial court dismissed Wilbert=s claims
after Safeco filed a plea to the jurisdiction, and this court dismissed Wilbert=s appeal
because his notice of appeal was untimely.[30]

Safeco thus demonstrated that in the seven years preceding its motion,
Wilbert prosecuted at least five suits pro se and that these suits were
determined adversely to him.








Wilbert argued in the trial court and argues on
appeal that he succeeded in one of his suits against Safeco.  But the litigation he references, cause
number 096-183500-00, is in addition to the five unsuccessful suits mentioned
above.  And furthermore, although he may
have had partial success in the administrative proceeding in that case, the
record shows that he did not prevail in his suit in the district court.  In that case, the trial court granted summary
judgment for Safeco and dismissed Wilbert=s claims
against it.  Accordingly, the trial court
did not abuse its discretion by granting Safeco=s
motion.[31]

In his reply brief, Wilbert argues that Safeco
did not show that he could not prevail on the issue of Ais the
carrier liable for the benefits at issue in this hearing,@ and,
accordingly, the trial court could not find him to be a vexatious litigant.[32]  Wilbert did not make this argument in his
original brief, and we are therefore not required to consider it.[33]  Furthermore, Wilbert cites no authority to
support his argument, and he makes no argument as to how Safeco failed to show
that he had no reasonable probability of success on his claim when he refused
to move forward with it.  Accordingly, we
overrule this argument as inadequately briefed.[34]








Wilbert also presents two objections to events
that occurred in the trial court.  First,
he notes that he objected in the trial court that the court was refusing to
follow section 410.302 of the labor code. 
Second, he objected to the trial court=s
overruling of his motion to reinstate. 
Wilbert makes no argument as to why these objections entitle him to
relief and cites no authority in support of them.  Accordingly, these arguments are overruled as
inadequately briefed.[35]  We overrule Wilbert=s fourth
issue.

Wilbert filed in this court a plea to the
jurisdiction to dismiss Safeco=s claims
as to his bilateral carpal tunnel syndrome impairment rating and income
benefits.  From his arguments, it appears
that with this motion, Wilbert attempts to establish Safeco=s
liability for income benefits relating to his carpal tunnel syndrome.  Safeco did not file a cross-appeal and does
not assert any claims for affirmative relief in this appeal.  Accordingly, there is nothing for us to
dismiss.  We therefore deny Wilbert=s
motion, and, having overruled all of Wilbert=s
issues, affirm the trial court=s
judgment.  

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and
MCCOY, JJ.

DELIVERED: August 6, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Lab. Code Ann. ' 410.151 (Vernon 2006).





[3]Id. ' 410.302(b) (Vernon
2006).





[4]City of Argyle v. Pierce, 258 S.W.3d 674, 680
(Tex. App.CFort Worth 2008, pet.
dism=d).





[5]Tex. Lab. Code Ann. ' 410.301(a) (Vernon
2006).





[6]Id. ' 410.302(b) (emphasis
added).





[7]See id. ' 404.105 (stating that
the department of insurance=s office of injured employee counsel may, through
its ombudsman program, appear before the DWC on behalf of an injured employee
during an administrative dispute resolution process).





[8]See id. ' 410.203; S. Ins. Co.
v. Brewster, 249 S.W.3d 6, 16 (Tex. App.CHouston [1st Dist.] 2007, pet. denied); Tex.
Dep=t of Ins., Div. of
Workers= Comp. v. Jackson, 225 S.W.3d 734, 736B37 (Tex. App.CEastland 2007, no pet.)
(stating that under the statute the hearing officer makes the initial decision
in a workers= compensation dispute and
that Aall subsequent
proceedings are limited to a review of that decision@); St. Paul Ins. Co.
v. Mefford, 994 S.W.2d 715, 720 (Tex. App.CDallas 1999, pet.
denied).





[9]See Tex. Lab. Code Ann. ' 410.302; see also
Krueger v. Atascosa County, 155 S.W.3d 614, 619 (Tex. App.CSan Antonio 2004, no
pet.) (stating that A[t]he language of ' 410.302 must be given
its plain meaning, which is that judicial review is limited to issues >decided by= the TWCC Appeals Panel@ and holding that
appellant could not seek judicial review of an issue when she did not raise the
issue to appeals panel and panel=s decision specifically stated it did not
consider the issue).





[10]Tex. R. Civ. P. 165a.





[11]See Tex. R. App. P. 9.1(b) (AA party not represented
by counsel must sign any document that the party files.@).





[12]Paselk v. Rabun, No. 06‑08‑00093‑CV,
2009 WL 1658089, at *2 (Tex. App.CTexarkana June 16, 2009, no pet. h.) (AAlthough a layperson has
the right to represent themselves, a layperson does not have the right to
represent others.@); Jimison v. Mann,
957 S.W.2d 860, 861 (Tex. App.CAmarillo 1997, no pet.).





[13]See Tex. Const. art. V, ' 10.





[14]Id.





[15]Tex. R. Civ. P. 216.





[16]Tex. Civ. Prac. &
Rem. Code Ann. ' 11.051 (Vernon 2002).





[17]Id.





[18]Tex. R. App. P. 33.1
(stating that party seeking appellate review must show that the complaint was
preserved); Shelton v. Standard Fire Ins. Co., 816 S.W.2d 552, 553 (Tex.
App.CFort Worth 1991, no writ)
(noting that appellant has the burden to bring up record on appeal showing
error that would require reversal).





[19]See Tex. Civ. Prac. &
Rem. Code Ann. ' 11.051.





[20]See Ex parte Goad, 690 S.W.2d 894, 896
(Tex. 1985) (holding that motion for contempt relates back to original filing
unless it is wholly based upon and grows out of a new, distinct or different
transaction and occurrence); In re Pepsico, Inc., 87 S.W.3d 787, 794
(Tex. App.CTexarkana 2002, no pet.)
(holding that amended motion to transfer venue relates back to original timely
filed motion); Indus. State Bank of Houston v. Eng=g Serv. & Equip.,
Inc.,
612 S.W.2d 661, 663 (Tex. Civ. App.CDallas 1981, no writ) (A[A]ny defective pleading,
when pointed out by motion or exception and cured by amendment, relates back
and is deemed to be filed as of the time the prior defective plea was filed.@)





[21]162 S.W.3d 370, 377 (Tex.
App.CDallas 2005, no pet.).





[22]Id. 





[23]See Tex. Civ. Prac. &
Rem. Code Ann. ' 11.054 (Vernon 2002).





[24]See Spiller v. Spiller, 21 S.W.3d 451, 454
(Tex. App.CSan Antonio 2000, no
pet.) (AIn propria persona is synonymous with pro
se; it refers to a situation in which a litigant represents himself or
herself without the benefit of a lawyer.@).





[25]Tex. Civ. Prac. &
Rem. Code Ann. ' 11.054(1).





[26]Id. ' 11.054(2).





[27]Clewis v. Safeco Ins. Co.
of Am.,
No. 02‑00‑00308‑CV (Tex. App.CFort Worth Feb. 14, 2002,
pet. denied) (not designated for publication).





[28]Clewis v. Hicks, No. 02-03-00014-CV, 2003
WL 22862630 (Tex. App.CFort Worth Dec. 4, 2003,
pet. denied) (mem. op.).





[29]Clewis v. Safeco Ins. Co.
of Am.,
No. 02-05-00190-CV, 2005 WL 1654867 (Tex. App.CFort Worth July 14, 2005,
no pet.) (mem. op.).





[30]Clewis v. Safeco Ins. Co.
of Am.,
No. 02-06-00258-CV, 2006 WL 2507324 (Tex. App.CFort Worth Aug. 31, 2006,
no pet.) (mem. op.).





[31]Douglas v. Am. Title Co., 196 S.W.3d 876, 879
(Tex. App.CHouston [1st Dist.] 2006,
no pet.) (reviewing trial court=s declaration of a vexatious litigant under an
abuse of discretion standard).





[32]See Tex. Civ. Prac. &
Rem. Code Ann. ' 11.054.





[33]See Tex. R. App. P. 38.3; In
re M.D.H., 139 S.W.3d 315, 318B19 (Tex. App.CFort Worth 2004, pet. denied) (declining to
consider complaint raised for the first time in reply brief).





[34]See Tex. R. App. P. 38.1(i).





[35]See id.