COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS


 
 
  
  
  
  
  
 IN THE MATTER OF G.W.
  
                            
 
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00114-CV
  
 Appeal from the
  
 County
 Court at Law Number One
  
 of Denton
 County, Texas
  
 (TC# JV-2009-00918)
  
 
 


                                                                  O
P I N I O N

Appellant, G.W., appeals the trial court’s
order of adjudication and commitment to the Texas Youth Commission (TYC).[1]  We affirm.

BACKGROUND

The juvenile court adjudicated Appellant
delinquent for causing injury to a child younger than fourteen years of age, a
felony of the first degree.  See Tex.
Penal Code Ann. § 22.04 (West 2011).  After a disposition hearing, the trial court thereafter
placed Appellant on intensive-supervision probation and in the custody of his
mother who resided in Illinois. 
Appellant was permitted to be supervised by a juvenile probation officer
in Illinois after the filing of an interstate compact.  The terms and conditions of Appellant’s
probation required that he not associate in any way with the victim, complete a
sex-offender treatment program, and obtain the juvenile court’s permission
prior to moving or spending the night outside of his mother’s home.

After Appellant and his mother moved to
Arkansas without requesting the court’s permission, the court amended the terms
of Appellant’s probation and again required that Appellant reside with his
mother in Arkansas and obtain the court’s permission prior to moving or
spending the night outside of his mother’s home.  Thereafter, an Arkansas probation officer
notified the Denton Country Juvenile Probation Office that Appellant and his
mother had returned to Illinois without the court’s permission.  Citing Appellant’s failure to obtain the
court’s permission before moving and failure to complete sex-offender treatment
program, and contact with the victim’s family as required by the terms and
conditions of Appellant’s probation, the State filed a motion to modify the disposition
of the case.  After being located in
Minnesota, Appellant filed a stipulation of evidence wherein he admitted that
he had violated the terms and conditions of his probation by being absent from
his mother’s home without the court’s consent, by failing to comply with
sex-offender treatment requirements, and by attempting via social media to
contact the mother of the victim in the underlying case.  After conducting a modification hearing, the
trial court committed Appellant to TYC.  Appellant
now asserts that the trial court abused its discretion in committing him to
TYC.

DISCUSSION

Standard
of Review

            A trial court’s modification of disposition is governed by Section 54.05 of the Texas Family Code.  See Tex. Fam. Code
Ann. § 54.05 (West 2008).  When a juvenile’s prior disposition is based on a finding that the juvenile engaged in a felony
offense, as here, the trial court may modify the disposition and commit the juvenile to TYC if the court finds by a preponderance of the evidence
that the juvenile violated a reasonable and lawful order of the court.  See
Tex. Fam. Code Ann. § 54.05(f)
(West 2008).  A
juvenile court that commits a child to TYC is required to recite in its order a
determination that: (1) it is in the child’s best interest to be placed outside
the child’s home; (2) reasonable efforts were made to prevent or eliminate the
need for the child’s removal from the child’s home and to make it possible for
the child to return home; and (3) the child, in the child’s home, cannot be
provided the quality of care and the level of support and supervision that the
child needs to meet the conditions of probation.  See
Tex. Fam. Code Ann. §
54.05(m) (West 2008).

Juvenile courts are vested with a great
amount of discretion in determining the suitable disposition of children who have been found to have engaged in delinquent conduct, especially in hearings to modify disposition.  In re D.R.A.,
47 S.W.3d 813, 815 (Tex.App. – Fort Worth 2001,
no pet.). 
Consequently, we review an order committing a juvenile to the TYC under an
abuse-of-discretion standard.  In
re J.P., 136 S.W.3d 629, 632 (Tex. 2004).  A trial court abuses its discretion when it acts
arbitrarily or unreasonably or without reference to guiding rules or
principles.  In re D.R., 193
S.W.3d 924, 924 (Tex.App. – Dallas 2006, no pet.).

No abuse of discretion occurs where a trial
court bases its decisions on conflicting evidence.  In re
B.N.F., 120 S.W.3d 873, 877 (Tex.App. – Fort Worth 2003, no pet.).  Nor does an abuse of discretion occur as long
as some evidence of substantive and probative character exists to support the
trial court’s decision.  Id.

In reviewing the legal sufficiency of
disposition orders, we consider “only the evidence and inferences tending to
support the findings under attack and set aside the judgment only if there is
no evidence of probative force to support the findings.”  In re
M.D.H., 139 S.W.3d 315, 317 (Tex.App. – Fort Worth 2004, pet. denied).  In considering the factual sufficiency of a
trial court’s disposition order, we consider and weigh all of the evidence and
set aside the judgment only if the finding is so against the great weight and
preponderance of the evidence as to be manifestly unjust.  Id.

Analysis

            Appellant
contends the trial court abused its discretion because the evidence was
insufficient to support a determination that commitment to TYC was in his best
interest.  Appellant specifically asserts
that there was no evidence that he could receive appropriate sex-offender
counseling at TYC and that the evidence presented during the modification
hearing indicated that members of Appellant’s family would be unable to
participate in such programs because they did not reside in Texas.

            At the
modification-of-disposition hearing, the trial court heard testimony from
Appellant, his mother, and his probation officer  Appellant’s probation officer testified regarding
Appellant’s unauthorized change of residence, the lack of sex-offender
treatment programs in the area to which Appellant had moved, Appellant’s failure
to attend school and related violations, and Appellant’s contact with his
victim’s mother.  The probation officer
also testified that Appellant had not participated in sex-offender counseling
as required by the terms of his probation.

During the hearing to modify disposition, Appellant’s
mother admitted that she had moved Appellant without prior permission of the
trial court, stated that she had moved Appellant due to threats made by
relatives of Appellant’s father and explained that, as Appellant was only fourteen
years old, Appellant was required to move with her as she was the person
responsible for deciding to move.  Appellant’s
mother explained that she had moved to Minnesota due to the availability of
family support, and that she had found and scheduled appropriate counseling
there for Appellant.  She also informed
the trial court that she was not willing to move to Denton, Texas for Appellant.

Appellant, who was fourteen years old at the
time of the hearing, testified that he was first contacted by his victim’s
mother who informed him that she did not want Appellant to contact his father
and explained that his violation of the “no contact” provision of his probation
terms and conditions had arisen from his response to the victim’s mother.  Appellant also testified regarding other
alleged violations of his terms and conditions, and stated that, if permitted
to remain on probation, he was willing to cooperate with counseling and be
proactive in advising his probation officer of impending moves.

After considering Appellant’s social history
and a psychological report indicating that Appellant was amenable to
counseling, and noting both that it preferred that Appellant had been sent to a
placement facility in Denton or a nearby county and that sending Appellant to TYC
was the last thing it wished to do, the trial court found that committing
Appellant to TYC was in Appellant’s best interest, that all reasonable efforts
had been made to prevent or eliminate the need for Appellant’s removal from his
home and to make it possible for Appellant to return home, and that he lacked adequate
supervision and support at home.

The evidence is both legally and factually sufficient
to support the trial court’s findings that Appellant violated a reasonable and
lawful court order and to support modification of the trial court’s disposition.  Because the trial court did not abuse its
discretion in committing Appellant to TYC, Appellant’s issue on appeal is
overruled.

CONCLUSION

The trial court’s judgment is affirmed.

                                                                        GUADALUPE
RIVERA, Justice

February 6, 2013

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff, J., not participating











[1]
As this case was transferred from our sister
court in Fort Worth, we decide it in accordance with the precedent of that
court.  Tex. R. App. P.
41.3.