ALAMO AUTOMOBILE CO. v. SCHMIDT.
(No. 6210.)

(Court of Civil Appeals of Texas. San Antonio. April 23, 1919. Rehearing Denied May 14, 1919.)

1. SALES ⟷150(3) — TIME FOR DELIVERY — "ON OR NEAR ABOUT."

Delivery of an automobile more than two months after November 1, 1912, was not a compliance with a contract to deliver "on or near about" that date.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, On or About.]

2. SALES ⟷170—BREACH BY SELLER—RIGHT OF BUYER TO RESCIND.

Where seller of automobile, agreeing to take old car at a valuation in part payment, breached its contract by failing to deliver the new car on time, buyer was not called upon to allow old car to remain in hands of seller and not demand cancellation of contract for an indefinite time at risk of being charged with breach.

3. SALES ⟷130(4) — BREACH BY SELLER — DAMAGES OF BUYER.

Where seller of automobile, which agreed to take in part payment buyer's old car at a valuation, breached contract by failing to deliver in time, so that buyer rescinded, seller was liable, having used old car as its own, and having regarded transaction as a sale to it, to pay buyer, if not agreed value of old car as delivered, at least its value as found by jury, with interest from date of delivery; buyer's damages not being difference in value of automobile when delivered to seller and its value when tendered back.

4. SALES ⟷130(3)—BREACH BY SELLER—CONDITION OF PROPERTY RECEIVED AS PART PAYMENT—BURDEN OF PROOF.

Where seller of automobile, taking buyer's old car in part payment, on its own breach and rescission by the buyer desired to return the old car, the burden rested on it to prove it was in as good condition as when delivered to it, and it was not incumbent on the buyer to prove its condition.

Error from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Herman F. Schmidt against the Alamo Automobile Company. To review judgment for plaintiff, defendant brings error. Affirmed.

Boyle, Ezell & Grover, of San Antonio, for plaintiff in error.

John Sehorn, of San Antonio, for defendant in error.

FLY, C. J. Defendant in error, hereinafter described as "Schmidt," sued plaintiff in error, hereinafter styled the "company," to recover damages for the alleged breach of a certain contract of sale of a certain "seven-passenger, 1912 Stoddard-Knight car." The cause was tried by jury, upon a single issue, as to the value of a certain secondhand automobile described as "Stoddard car No. 9–A" delivered by Schmidt to the company, as part payment on the new car, and upon the answer judgment was rendered in favor of Schmidt for $1,200.

The contract upon which the suit was based was a letter in answer to an order made by Mrs. Schmidt, which order was accepted by the company. The order was "for one seven-passenger 1912 Stoddard-Knight car," the price of which was fixed in the letter at "$5,000.00 f. o. b. the factory," and with the following equipment:

"Black mohair top with No. 35 grey mohair top cover, wind shield, No. 35 seat covers, quick detachable demountable rims, including one extra rim, tire holders, trunk rack, speedometer, electric horn, foot throttle, robe rail, foot rest, shock absorbers, complete dynamo electric lighting plant for all five lamps, upholstery to be No. 5, Spanish, car to be maltese brown with suitable striping, natural wood wheels, nickel plated trimmings throughout and monogram H. S. in a circle between the doors."

It was provided that in part payment for the new car a car owned by Schmidt should be received at $1,800, the delivery of the car to be made in a week or ten days. The secondhand car was delivered by Schmidt to the company on or about September 1, 1912, and the latter agreed to deliver the new automobile to Schmidt on or about November 1, 1912. The new automobile was not delivered, and on January 15, 1913, Schmidt declared the contract at an end. The automobile company then tendered the old car to Schmidt; which was refused by him.

It is the contention of the company that a suit for the agreed value of the old automobile could not be maintained, and that the damages, if any, would be the difference in value of the automobile when delivered to the company and its value when it was tendered to Schmidt.

[1, 2] The evidence showed conclusively that the old car had been taken as a part payment on the contract for the new car, at a valuation of $1,800. That sum was to be credited on the sum of $5,000, which Schmidt had agreed to pay for the new car. That

part of the contract was executed. The company agreed to deliver the new automobile to Schmidt "on or near about" November 1, 1912, but had failed to deliver it up to January 15, 1913, at least 2½ months after the time specified in the contract. Was the failure to deliver the new car at that time, or within a reasonable time thereafter, a breach of contract? It cannot be said that more than two months after November 1, 1912, was a compliance with a contract to deliver "on or near about" November 1, 1912, and the contract had already been breached, as a matter of law, when Mrs. Schmidt notified the company that the contract was at an end. She did not breach it, for it had long before that time been breached by the company. She was not called upon in law or equity to allow the old car to remain in the hands of the company, and not demand a cancellation of the contract for an indefinite length of time, at the risk of being charged with a breach of the contract. The company had accepted the old car as equivalent to $1,800, and to Schmidt it was exactly the same as though he had deposited $1,800 with the company as a payment on the new automobile which he had purchased.

[3] This, in effect, is a suit for rescission of the contract of purchase of the automobile by Schmidt, and for a recovery of money advanced on the contract, and the only difficulty in the case is the question as to whether Schmidt should be compelled to accept the return of the secondhand automobile advanced by him on the contract, together with any sum it might be shown to have deteriorated in value, or has the right to recover the value of the car as agreed upon by the parties? There can be no doubt that the circumstances show that time was of the essence of the contract. A person who is able to pay $5,000 for an automobile, and has already turned in his automobile as part payment for another, would desire the performance of the promise to deliver at or about a certain time, and a failure to make such delivery was a breach of the contract and authorized the suit. In a case where an order was given for a cash register, to be furnished out of stock, a delay of more than a month in tendering delivery, it was held, justified the purchaser in declaring the contract at an end. Cash Register Co. v. Lufkin, 179 Mass. 143, 60 N. E. 473. Where a piano was not delivered in four months, it was held the contract could be rescinded. Hallet Piano Co. v. Starr Piano Co., 85 Ohio St. 196, 97 N. E. 377. It follows that the company breached the contract, and, as a consequence of the breach, what does Schmidt have the right to demand to restore him to the position occupied by him before making the contract? The evidence shows that G. A. C. Halff considered that he had purchased the old car, for he rented it to persons desiring cars, and stated that he agreed to let Schmidt use the car "while we had it," showing that he intended to sell it whenever he found a purchaser. The old car was injured to such an extent, on one trip it made after the company got it, that it cost $103.51 to repair it. The evidence showing that the company and Schmidt considered that the old car when delivered was the property of the company, it would be just and right that when it breached the contract it should pay for it. There was no evidence tending to show the condition of the old car after being used as a service car and being damaged to such an extent as to require the expenditure of $103.51 to repair it. Schmidt should not be compelled to take the old car back, and the company should be satisfied when the jury made it pay $600 less than it agreed to pay for the car. It would be unjust and inequitable to require Schmidt to receive a car that had been in the hands of a company for six months, and used as a service car, in full payment of all demands. That would amount to rewarding the party who admittedly had breached the contract, and be a premium upon that breach. The acts of the company showed that it considered that it had bought the car, and it is undeniable that Schmidt had parted with the ownership and control of it. There is no equity or justice in the claim that the company would not have agreed to have given $1,800 except in view of a sale of the new car, for it alone is responsible for the sale not being perfected. It is the culpable party and should be made to pay the penalty, not only in the value found by the jury, but with interest at 6 per cent. per annum from the date that the car was delivered to it.

[4] The company desired to return the automobile after breaching the contract, and the burden rested on it to prove that it was in as good condition as when delivered to it, and it was not incumbent on Schmidt to prove its condition. We can only surmise its condition from certain facts, as the company remained silent in regard to it.

The Iowa case of Fagan v. Hook, 134 Iowa, 381, 105 N. W. 155, 111 N. W. 981, is relied upon by the company to sustain its propositions; but, on the contrary, it sustains the judgment of the trial court. In that case it was held:

"If parties definitely settle and agree to the value of their respective properties for the purpose of sale one to the other, no inquiry concerning actual values is permissible, as these are put beyond question by those having to determine the worth thereof for themselves, and thereby fix the measure of damages in event of a breach. * * * The criterion in determining whether there has been a sale or exchange of personal property is whether there is a fixed price at which the things are to be exchanged. If there is such fixed price, the transaction is a sale; but, if there is not, the transaction is an exchange."

There were none of the elements of an exchange in this case, but the prices of the two cars were fixed and a sale resulted.

The same rule was announced by this court in Thornton v. Moody, 24 S. W. 331, and that case is cited and followed in the Iowa case. In the Texas case this court held:

"If the property of Wooley had been exchanged for the property of Thornton without any price being set upon either, then it would not have constituted a sale; but where the price of each piece of property is definitely fixed, and the difference in values is paid in money, it is a sale"—citing Tiedeman on Sales, § 12.

We conclude that there is no merit in the writ of error, and the judgment is affirmed.